J. REINHARDT v. H. C. PLEASANTS, ADMINISTRATOR, &c.

An administrator brought suit for land belonging to the estate of his decedent, but pending the suit, he sold the land under order of the probate court, and the purchaser filed a pleading in the suit, alleging her purchase, &c. Thenceforth the suit proceeded in the name of the administrator as plaintiff, for the use of the purchaser, and judgment for the plaintiff was so rendered. Defendant moved to arrest the judgment because the administrator had no interest in the land. *Held*, that if this is a good objection, it comes too late after judgment. It should have been interposed at the time the purchaser set up claim.

ERROR from De Witt.  Tried below before the Hon. Henry Maney.

The facts of the case are sufficiently indicated in the opinion of the court.

*Lackey & Stayton*, for the plaintiff in error.

*H. C. Pleasants*, for the defendant in error.

OGDEN, J.  We are not prepared to say that the court erred in admitting the testimony of Redgate over the objections of his co-defendant, since it clearly appeared that he had no interest in the result of the suit, unless it were an interest adverse to the party calling him.

In Gill *v.* Campbell, 24 Texas, 407, the court says : " The " merely being a party to the record did not render the defend- " ant, Campbell, incompetent, but he was incompetent on ac- " count of interest."  In the case at bar, we can discover no interest whatever in the witness, unless it was to defeat the claims of the plaintiff, and we see no good reason for the rule that one of two defendants, who had been made defendant by accident or otherwise, and who could have no interest whatever as against his co-defendants, could not be called by the plaintiff to testify. This is not the rule enunciated in Gill *v.* Campbell, and we think it is not the correct one.  We are also of the opinion that there was no error in the rulings of the court, in excluding the testimony of the appellant, as set out in his bill of exceptions. There was no foundation laid for the introduction of such testimony in the pleadings, and even if the pleadings had contained the necessary allegations for the introduction of such evidence, they would have been bad on exceptions.  Had the vendor of appellant, through fraud or even a mistake, misrepresented the character, description, or value of the land which he was selling, he might, under proper pleadings, have been held responsible for all damages, or the purchaser might have had the sale set aside and the purchase-money refunded, but certainly he could

not hold an innocent purchaser responsible for the frauds or mistakes of another.

Nor was there error in the order overruling the motion in arrest of judgment. The petition in this case was filed by the administrator before the sale to Mrs. Hamilton, and though for most purposes the simple filing of the petition, with an order to the clerk not to issue citation until ordered, might not be considered as the commencement of the suit, yet citation might have issued at any time, even without the order of the plaintiff; and if Mrs. Hamilton chose to have the administrator prosecute the suit for her benefit, she would have been concluded by it. But we think the objection, if a valid one, came too late after judgment. The rights of Mrs. Hamilton were set out in an amended petition, a year before the judgment. Then was the time to raise the objection to the character of the plaintiff, and not after judgment had been rendered.

We are of the opinion that there is no such error in the other assignment as will require a reversal of the judgment, and it is therefore affirmed.

Affirmed.